# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ESTRADA,<br><br>                Petitioner,<br><br>    v.<br><br>JAMES HARTLEY,<br><br>                Respondent. | No. 1:08-CV-830  AWI JMD (HC)<br><br>ORDER DECLINING MOTION TO STAY<br>AND GRANTING MOTION TO ALTER OR<br>AMEND JUDGMENT<br><br>(Doc. Nos. 22 & 24) |

Petitioner challenged the denial of a parole date through this habeas corpus proceeding.  On August 24, 2010, the Court declined to adopt a Findings and Recommendation and instead granted Petitioner's request for a writ of habeas corpus.  The Court reviewed the denial of a parole date, determined that the decision was not supported by "some evidence," and ordered the California Board of Parole Hearings ("BPH") to set a parole date within 30 days.  See Court's Docket Doc. No. 19.  Respondent filed a motion to stay, and a motion to alter or amend judgment pursuant to Rule 59(e).  See Court's Docket Doc. Nos. 22 & 24.

Respondent argues that a stay should be issued because: (1) it has a strong likelihood of success on appeal because this Court impermissibly utilized California's "some evidence" standard in evaluating the petition; (2) a stay would not substantially injure Petitioner; (3) Respondent would be irreparably harmed because issuance of a parole date jeopardizes public safety; (4) the public has an interest in ensuring that decisions by the BPH remain undisturbed; and (5) the proper remedy for a due process violation is limited to a new parole consideration review and not immediate release.

Respondent contends that the Court's August 24, 2010 order should be modified to delete the phrase: "with credit for time since the August 2006 decision as if parole had been granted, and any

1  other term credit to which he is entitled by law."  Respondent argues that modification is necessary

2  because Petitioner cannot be given "credit" against his statutory lifetime parole period because he is

3  subject to lifetime parole.  In the alternative, Respondent seeks clarification of the remedial aspect of

4  the order.

5    *Legal Standard*

6      Through Federal Rule of Civil Procedure 62(c), a district court "retains jurisdiction during

7  the pendency of an appeal to act to preserve the status quo."  <u>Natural Resources Defense Council,</u>

8  <u>Inc. v. Southwest Marine, Inc.</u>, 242 F.3d 1163, 1166 (9th Cir. 2001).  "Rule 62(c) does not restore

9  jurisdiction to the district court to adjudicate anew the merits of the case," and the "district court's

10  exercise of jurisdiction should not materially alter the status of the case on appeal."  <u>Mayweathers v.</u>

11  <u>Newland</u>, 258 F.3d 930, 935 (9th Cir. 2001); <u>Southwest Marine</u>, 242 F.3d at 1166.  In relevant part,

12  Rule 62(c) reads:

13         (c) Injunction Pending Appeal. When an appeal is taken from an interlocutory or final
           judgment granting, dissolving, or denying an injunction, the court in its discretion
14         may suspend, modify, restore, or grant an injunction during the pendency of the
           appeal upon such terms as to bond or otherwise as it considers proper for the security
15         of the rights of the adverse party. . . .

16  Fed. R. Civ. P. 62(c).

17      "A party seeking a stay of a lower court's order bears a difficult burden."  <u>United States v.</u>

18  <u>Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.</u>, 44 F.3d 1082, 1084 (2d Cir. 1994). District

19  courts consider four factors in ruling on Rule 62(c)  motions: "(1) whether the stay applicant has

20  made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

21  irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

22  parties interested in the proceeding; and (4) where the public interest lies."  <u>Hilton v. Braunskill</u>, 481

23  U.S. 770, 776 (1987); <u>United States v. 1020 Elect. Gambling Mach.</u>, 38 F.Supp.2d 1219, 1220 (E.D.

24  Wash. 1999); <u>Overstreet ex rel. NLRB v. Thomas Davis Medical Ctrs., P.C.</u>, 978 F. Supp. 1313,

25  1314 (D. Ariz. 1997); <u>Texaco Ref. & Mktg. v. Davis</u>, 819 F.Supp. 1485, 1486 (D. Or. 1993); <u>Miller</u>

26  <u>v. Carlson</u>, 768 F.Supp. 1341, 1342 (C.D. Cal. 1991).  "This standard for evaluating the desirability

27  of a stay pending appeal is quite similar to that which the Court employ[s] in deciding to grant [a]

28  preliminary injunction." <u>Miller</u>, 768 F.Supp. at 1342 (citing <u>Lopez v. Heckler</u>, 713 F.2d 1432, 1435

1  (9th Cir. 1983)).  With respect to irreparable injury, speculative injury does not constitute irreparable

2  injury.  See Goldie's Bookstore v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984).  Rather, a plaintiff

3  must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.  See

4  Caribbean Marine Services Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).  In evaluating the

5  harm that will occur depending upon whether the stay is granted, a court may consider: "(1) the

6  substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the

7  proof provided."  Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d

8  150, 153 (6th Cir. 1991).

9  *Discussion*

10  *Motion to Stay*

11  After reviewing the *Hilton* factors, the Court does not believe that a stay is appropriate.

12  Respondent has not made a sufficient showing that it is likely to succeed on appeal, has not

13  sufficiently shown irreparable injury, has not sufficiently shown that Petitioner will not be harmed,

14  and has not sufficiently shown that the public interest clearly lies in favor of a stay, such that a stay

15  should issue.  Respondent has not adequately met its "difficult burden" of showing that a stay of this

16  Court's order is necessary.  See Hilton, 481 U.S. at 776; Private Sanitation, 44 F.3d at 1084.

17  As for Respondent's argument that the appropriate remedy for a violation of Petitioner's due

18  process rights is a new review by the Board, the Court is not persuaded.  Respondent cites to Benny

19  v. United States Parole Commission, 295 F.3d 977, 984-85 (9th Cir. 2002) in support of its

20  contention.  The Ninth Circuit has expressly rejected this argument, stating that, "[f]ederal courts

21  have the latitude to resolve a habeas corpus petition as law and justice require.' [Citation] Ordering

22  the release of a prisoner is well within the range of remedies available to federal habeas courts."

23  Pirtle v. Cal. Bd. of Prison Terms, __F.3d__, 2010 WL 2732888, *8 (9th Cir. 2010) (quoting 28

24  U.S.C. § 2243; see also Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (stating that federal

25  courts "have a fair amount of flexibility in fashioning specific habeas relief"); Sanders v. Ratelle, 21

26  F.3d 1446, 1461 (9th Cir. 1994) (noting that federal habeas court is vested with the largest power to

27  control and direct the form of judgment to be entered); Milot v. Haws, 628 F. Supp. 2d 1152, 1156

28  (C.D. Cal. 2009) (quoting Hilton, 481 U.S. at 775 ("[F]ederal habeas courts have 'broad discretion in

1   conditioning a judgment granting habeas relief' and in 'dispos[ing] of habeas corpus matters 'as law

2   and justice require'").

3          Accordingly, Respondent's motion to stay is Denied.

4          _Motion to Amend or Alter Judgment_

5          The August 24, 2010 order provided that: "Within thirty (30) days of service of this order, the

6   California Board of Parole Hearings must calculate a term for Estrada in accordance with the

7   requirements of California Penal Code §3041, "with credit for time since the August 2006 decision

8   as if parole had been granted, and any other term credit to which he is entitled by law." See Doc. No.

9   19 at page 4.  Respondent argues that Petitioner cannot be given "credit" against his statutory

10  lifetime parole period because he is subject to lifetime parole.

11         The Court's "with credit for time" language in the August 24, 2010 order was provided for

12  purposes of directing the BPH to calculate a parole release date from the day that Estrada was denied

13  parole in August 2006.  That is, the BPH is to calculate Estrada's release date retroactively from the

14  date he was denied parole.  It was not the Court's intention to credit Estrada with time against his

15  indeterminate supervisory parole period and shorten his parole period.  Under the circumstances of

16  this case, Petitioner is not entitled to credit against his indeterminate supervisory parole period.  See

17  In re Chaudhary, 172 Cal.App.4th 32, 34 (Cal. Ct. App. 2009) (holding that petitioner was not

18  entitled to credit for time served against his indeterminate parole period); _compare_ In re Bush, 161

19  Cal. App. 4th 133, 144-45, 74 Cal. Rptr. 3d 256 (2008) (holding that petitioner was entitled to credit

20  for time served against determinate three-year parole period); McQuillion v. Duncan, 342 F.3d 1012,

21  1015 (9th Cir. 2003) (same).

22         Accordingly, the August 24, 2010 Order is amended to read: "Within thirty (30) days of

23  service of this order, the California Board of Parole Hearings must calculate a parole release date

24  from the date of August 2006 for Estrada in accordance with the requirements of California Penal

25  Code §3041, including any credit to which he is entitled by law."

26

27         Accordingly, IT IS HEREBY ORDERED that:

28         (1)     Respondent's motion to stay is DENIED; and

(2)      Respondent's  motion to alter or amend judgment is GRANTED and the August 24,
2010 Order is amended to read: "Within thirty (30) days of service of this order, the
California Board of Parole Hearings must calculate a parole release date from the date
of August 2006 for Estrada in accordance with the requirements of California Penal
Code §3041, including any credit to which he is entitled by law."


IT IS SO ORDERED.

Dated:    September 1, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE