UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIO ESTRADA, | ) | 1:08-CV-830 AWI JMD (HC) |
|               Petitioner, | ) ) ) | ORDER PARTIALLY ADOPTING |
|   v. | ) ) | FINDINGS AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF |
| JAMES HARTLEY, | ) ) | HABEAS CORPUS |
|               Respondent. | ) ) | (Doc. No. 17) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 24, 2010, based on its review of Petitioner's Ground One, the Court issued an order granting the petition for writ of habeas corpus and found that the Board of Parole Hearings' denial of parole was not supported under the "some evidence" standard. On July 8, 2011, the Ninth Circuit Court of Appeal reversed this Court's Order granting relief, in light of Swarthout v. Cooke, 131 S. Ct. 859 (2011). Thus, based on the Ninth Circuit's decision, Petitioner is not entitled to relief based on the claim raised in Ground One. However, Petitioner's Ground Two was not previously addressed by the Court's August 24, 2010 Order or by the Ninth Circuit's decision.

In Ground Two, Petitioner argues the Board's decision to deny him parole violated the principles set forth in Cunningham v. California, 549 U.S. 270 (2007) ("Cunningham"). The Magistrate Judge issued a findings and recommendation ("F&R") on September 9, 2009, and found that Petitioner's rights under Cunningham were not implicated. See Doc. 17 at 12. Petitioner addressed the Magistrate's Judge's recommendation to deny this claim in his objections, filed on September 18, 2009. See Doc 18 at 3.

The Court agrees with the F&R's analysis. Cunningham held that except for a prior

1 conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum
2 must be submitted to a jury, and proved beyond a reasonable doubt. Cunningham, 549 U.S. at
3 288-89. As Petitioner was sentenced to an indeterminate state prison term of sixteen years to life,
4 (See Petition at 2), any decision by the Board to deny petitioner parole does not actually increase his
5 sentence. Rather, it is a determination that Petitioner is not suitable for parole and his already
6 imposed sentence should continue. Therefore, Cunningham does not apply and Petitioner is not
7 entitled to federal relief for this claim. See Duesler v. Woodford, 269 Fed. Appx. 670, 671 (9th Cir.
8 2008); Ramirez-Salgado v. Scribner, 2010 U.S. Dist. LEXIS 45901 (S.D. Cal. Feb. 16, 2010); Kobe
9 v. Curry, 2009 U.S. Dist. LEXIS 101683 (N.D. Cal. Oct. 20, 2009).

10   Additionally, a certificate of appealability ("COA") is not warranted. See 28 U.S.C. §
11 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000). In order to obtain a COA, petitioner must
12 show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a
13 denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the
14 district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. at 484. In the present
15 case, jurists of reason would not find debatable whether the petition was properly dismissed with
16 prejudice.

17
18                                             **ORDER**
19   Accordingly, IT IS HEREBY ORDERED that:
20   1.   The Findings and Recommendation are ADOPTED consistent with this order;
21   2.   The Petition for Writ of Habeas Corpus is DENIED with prejudice;
22   3.   The Court DECLINES to issue a Certificate of Appealability; and
23   4.   The Clerk shall CLOSE this case.
24 IT IS SO ORDERED.
25
26 Dated:   August 9, 2011                              _____
                                                       CHIEF UNITED STATES DISTRICT JUDGE
27
28